UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STATE FARM FIRE AND
CASUALTY COMPANY,

       Case No. 1:23-cv-00808
       Hon.

       Plaintiff,

v.

MICHIGAN SPRAY FOAM, LLC; WILL MATZEN and
LEESTMA MANAGEMENT, LLC,

       Defendants.          **DEMAND FOR JURY TRIAL**

---

**CARY R. BERLIN (P64122)**
**NATHAN M. WHITFORD (P84333)**
**PATRICK, JOHNSON & MOTT, P.C.**
Attorneys for Plaintiff
70 Macomb Place, Suite 224
Mt. Clemens, Michigan 48043
(248) 356-8590
cberlin@pjmpc.com

---

## COMPLAINT FOR DECLARATORY JUDGMENT

*The subject matter of this lawsuit relates, at least in part, to the same transaction or occurrence that is the subject matter of the litigation currently pending in the Kent County Circuit Court, under Case No.21-03175-CBB; Hon. T.J. Ackert (P37123).*

Plaintiff, State Farm Fire and Casualty Company ("State Farm"), through its attorneys, Patrick, Johnson & Mott, P.C., and for its Complaint for Declaratory Judgment brought pursuant to 28 U.S.C. § 2201 and Fed. R. Civ. P. 57 against the Defendants, Michigan Spray Foam, LLC, Will Matzen, and Leestma Management, LLC, alleges as follows:

## GENERAL ALLEGATIONS

1.      State Farm is a foreign insurance corporation, duly organized and existing under the laws of the State of Illinois, with its principal place of business located in the City of Bloomington,

State of Illinois, and at all times material hereto, was licensed and authorized to provide property, casualty and liability insurance in the State of Michigan, including in Kent County.

2.      State Farm is, therefore, a citizen and resident of the State of Illinois, and is not a resident, citizen or corporation of the State of Michigan.

3.      Based upon information and belief, at all times material hereto, Michigan Spray Foam, LLC, was a limited liability company, with all of its members being citizens and residents of the State of Michigan, and not citizens and residents of the State of Illinois, making Michigan Spray Foam, LLC, a citizen and resident of the State of Michigan for purposes of determining federal diversity jurisdiction. See, e.g., *CMPS Inst., LLC v. MMG II, LLC*, 521 F.Supp.2d 616, 617-18 (E.D.Mich, 2007), citing *Homfeld II, LLC v. Comair Holdings, Inc.*, 53 Fed. Appx. 731, 733 (6th Cir. 2002).

4.      At all times material hereto, Will Matzen was a citizen and resident of the State of Michigan.

5.      Based upon information and belief, at all times material hereto, Leestma Management, LLC, was a limited liability company, with all of its members being citizens and residents of the State of Michigan, and not citizens and residents of the State of Illinois, making Leestma Management, LLC, a citizen and resident of the State of Michigan for purposes of determining federal diversity jurisdiction. See, *CMPS Inst.*, 521F.Supp.26 at 617-618; *Homfeld, II*, 53 Fed. Appx. at 733.

6.      A controversy exists between State Farm and the Defendants in an amount in excess of $75,000.00, exclusive of interest and costs.

7.      Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 2201. See also, *Bituminous*

*Cas. Corp. v. J & L Lumber Co., Inc.*, 373 F.3d 807, 813 (6th Cir. 2004) and *Grand Trunk W. R.R. Co. v. Consol. Rail Corp.*, 746 F.2d 323, 326 (6th Cir. 1984).

8.      Venue is proper in this judicial district because "a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated," and because the Defendants reside and/or regularly conduct business within this district. 28 U.S.C. §1391(b)(2).

9.      The laws of the State of Michigan govern this matter.

10.     State Farm issued a Commercial Liability Umbrella insurance policy to Michigan Spray Foam, LLC, numbered 92-C0-S145-2, in which it agreed to provide a defense and/or indemnification if Michigan Spray Foam, LLC and/or its members, were legally obligated to pay damages because of bodily injury, property damage, or personal and advertising injury to which the insurance applies. (Commercial Liability Umbrella policy, **Exhibit "A"**).

11.     Will Matzen ("Matzen") is the owner and a Member of Michigan Spray Foam, LLC.

12.     On or about April 9, 2021, Leestma Management, LLC, filed a complaint against Matzen and Michigan Spray Foam, LLC ("Michigan Spray"), alleging that Leestma Management, LLC ("Leestma") and Michigan Spray entered into a contract, whereby Michigan Spray would provide new roofs and insulation on five buildings owned by Leestma, and that Michigan Spray breached its contract by failing to provide the new roofing and insulation on all five commercial buildings as agreed. (Complaint, **Exhibit "B"**).

13.     Leestma also alleges that Matzen diverted the money that it had paid for the roofing projects, and used it for his own purposes, including to purchase real estate. (**Id**.).

14.     Further, Leestma claims that because of the diverting of funds, Michigan Spray did

not have all of the money it needed to perform the work as required, resulting in Michigan Spray using less spray foam insulation than what was needed on all five roofs, and failing to mechanically fasten the rubber under layer on four of the buildings. (**Id**.).

15.    Leestma alleges that due to Michigan Spray's failure to comply with the contract, the roofs have all failed, requiring complete replacements, which will cost more than $1,500,000.00. (**Id**.).

16.    Leestma further alleges that Michigan Spray failed to provide the agreed-upon annual maintenance, and has failed to honor its warranty obligations and/or to repair or replace the roofs. (**Id**.).

17.    Leestma's specific claims against Michigan Spray and Matzen are: Count I - Breach of Contract; Count II - Violation of the Michigan Builders' Trust Fund Act, MCL 570.151-153; and Count III - Conversion (statutory and common-law)(**Id**.).

18.    Matzen, individually and on behalf of Michigan Spray, has requested that State Farm provide them with a defense against Leestma's allegations in the Kent County Circuit Court under Michigan Spray's Commercial Liability Umbrella ("Umbrella"), and agree to indemnify them if a judgment is entered against them based on the allegations in Leestma's lawsuit.

19.    State Farm is currently defending Matzen and Michigan Spray in that litigation under Michigan Spray's Umbrella policy, subject to a reservation of rights. (Reservation of Rights, **Exhibit "C"**).

20.    The subject Umbrella policy provides, in relevant part:

**COVERAGE L – BUSINESS LIABILITY**

1.    We will pay on behalf of the insured the "ultimate net  loss"

in excess of the "retained limit" because of "bodily injury", "property damage" or "personal and advertising  injury" to which this insurance applies. We will have the right and duty to defend the insured, by counsel of our  choice, against any "suit" seeking those damages when the "underlying insurance" does not provide coverage or   the limits of "underlying insurance" have been exhausted. When we have no duty to defend, we will have  the right to defend, or to participate in the defense of,  the insured against any other "suit" seeking damages to  which this insurance may apply. However, we will have  no duty to defend the insured against any "suit" seeking damages for "bodily injury", "property damage" or "personal and advertising injury" to which this insurance does not apply. We may at our  discretion, investigate any "occurrence" or offense that may involve this insurance and settle any claim or "suit" with or without the insured's consent, for any reason and at any time . . .

* * *

2.    This insurance applies:

    a.    To "bodily injury" and "property damage" only if:

        (1)    The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

        (2)    The "bodily injury" or "property damage" occurs during the policy period; and

        (3)    Prior to the policy period, no insured listed under Paragraph 1.a. of WHO IS AN INSURED and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part.

5

b.     To "personal and advertising injury" caused by an offense arising out of your business, but only if the offense was committed in the "coverage territory" during the policy period.

21.     The policy also provides the following definitions:

## LIABILITY DEFINITIONS

\* \* \*

3.     "Bodily Injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time. "Bodily injury" includes mental anguish or other mental injury caused by the "bodily injury".

\* \* \*

17.     "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

18.     "Personal and advertising injury"- means injury, including consequential "bodily injury", arising out of one or more of the following offenses:

a.     False arrest, detention or imprisonment;

b.     Malicious prosecution;

c.     The wrongful eviction from, wrongful entry into, or invasion of the right of privacy, of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

d.     Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

e.     Oral or written publication, in any manner, of material that violates a person's right of privacy;

6

f.  The use of another's advertising idea in your "advertisement"; or

g.  Infringing upon another's copyright, trade dress or slogan in your advertisement.

\* \* \*

22.  "Property damage" means:

a.  Physical injury to tangible property, including all resulting loss of use of that property . . .; or

b.  Loss of use of tangible property that is not physical injured or destroyed, provided such loss of use is caused by physical injury to or destruction of other tangible property. (Policy, **Exhibit "A"**).

## COUNT I
## STATE FARM DOES NOT HAVE A DUTY TO DEFEND OR INDEMNIFY MATZEN OR MICHIGAN SPRAY UNDER THE SUBJECT UMBRELLA POLICY, AS MATZEN AND MICHIGAN SPRAY'S CLAIMED CONDUCT DOES NOT CONSTITUTE AN OCCURRENCE UNDER THE POLICY

22.  State Farm incorporates herein by reference hereto each of its allegations contained in Paragraphs 1 through 21 of this Complaint for Declaratory Judgment, the same as if the allegations were fully set forth herein.

23.  The subject Umbrella policy defines occurrence as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." (Policy, **Exhibit "A"**).

24.  Matzen is accused of taking the funds that Leestma paid to Michigan Spray for the labor and materials needed to perform the work on the roofs, and using those funds for his own benefit.

25.  Leetsma alleges that the funds it paid to Michigan Spray were supposed to be held in Trust for use on the project, and were not supposed to be used by Matzen personally.

26.     Leestma also alleges that the lack of funds is why its roofs are now damaged, as Michigan Spray did not have the funds and/or did not apply the proper amount of foam insulation on the roofs.

27.      Leestma further alleges that because Michigan Spray lacked the funds to complete the work as agreed, it also failed to mechanically fasten the rubber underlayer of the roof on four of the buildings.

28.     There are no allegations that Matzen diverted the funds accidentally, or that he mistakenly removed funds from the Builders' Trust account to buy investment property and/or to otherwise use for his own benefit.

29.     Matzen and Michigan Spray intended to harm Leetsma and/or their intentional conduct created a direct risk that Leetsma would sustain some injury or damage.

30.     Matzen's claimed conduct does not constitute an occurrence under Michigan Spray's Umbrella policy.

31.     Any injuries or damages allegedly sustained by Leestman were not the result of an occurrence under the policy.

32.     There is no requirement under the subject Umbrella policy that State Farm defend and/or indemnify Matzen or Michigan Spray against the allegations brought against them by Leestma in the Kent County Circuit Court.

WHEREFORE, the Plaintiff, State Farm Fire and Casualty Company, respectfully requests that this Honorable Court enter an Order that:

   a.     declares the rights and other relations of the parties to this action;

8

b.     declares that, under Michigan Spray Foam, LLC's Commercial Liability Umbrella policy, State Farm is not obligated to defend or indemnify Will Matzen or Michigan Spray Foam, LLC, in the underlying lawsuit, case number 21-03175-CBB, because Matzen and Michigan Spray's claimed conduct does not constitute an occurrence under the subject policy;

c.     permits a trial by jury of any fact issues in this case; and

d.     awards State Farm any other relief this Court deems appropriate.

<u>COUNT II</u>
<u>STATE FARM DOES NOT HAVE A DUTY TO DEFEND OR INDEMNIFY MATZEN OR MICHIGAN SPRAY UNDER THE SUBJECT UMBRELLA POLICY, BECAUSE ANY BODILY INJURY OR PROPERTY DAMAGE ALLEGEDLY SUSTAINED BY LEESTMA WAS INTENDED BY, OR WAS REASONABLY EXPECTED TO RESULT FROM MATZEN AND MICHIGAN SPRAY'S INTENTIONAL CONDUCT</u>

33.     State Farm incorporates herein by reference hereto each of its allegations contained in Paragraphs 1 through 32 of this Complaint for a Declaratory Judgment, the same as if the allegations were fully set forth herein.

34.     Michigan Spray's Umbrella policy also provides:

BUSINESS LIABILITY EXCLUSIONS

This insurance does not apply to:

1.     Expected Or Intended Injury

     a.     "Bodily injury" or "property damage" expected or intended to cause harm as would be expected by a reasonable person; or

     b.     "Bodily injury" or "property damage" which is the result of willful and malicious, or criminal acts of the insured.

     This exclusion does not apply to "bodily injury" or "property damage" resulting from the use of

reasonable force to protect persons or property.
(Policy, **Exhibit "A"**).

35.     Under the express terms of the policy, there is no coverage for any injuries or damages sustained by Leestma which were intended by, or which were reasonably expected to result from Matzen and Michigan Spray's intentional conduct.

36.     According to Leestma's Complaint, Matzen intentionally took the money it paid for the roof work on the roofs and converted it for his own use, which caused the claimed damages.

37.     There are no allegations that Matzen or Michigan Spray diverted the funds accidentally, or that they mistakenly removed funds from the Builders' Trust account to buy investment property and/or to otherwise use for Matzen's own benefit.

38.     Matzen and Michigan Spray should have expected that diverting the funds, and leaving insufficient money to fully perform the work Michigan Spray was contracted to perform, would result in Leestma suffering harm.

39.     Any claim that Matzen or Michigan Spray did not intend or expect Leestma to sustain injuries or damages would fly in the face of all reason, common sense and experience.

40.     Matzen's alleged conduct was intentional, and any resulting bodily injury or property damage reportedly sustained by Leestma was intended by Matzen and Michigan Spray, or was reasonably expected to have resulted from their intentional conduct.

41.     Michigan Spray and Matzen's alleged actions that resulted in Leestma's claimed bodily injuries or property damages, if any, were not accidental, but were instead, the result of Matzen and Michigan Spray's intentional conduct, such that any resulting injuries are barred by the express terms of the subject Umbrella policy.

42.     There is no requirement under the subject Umbrella policy that State Farm defend and/or indemnify Matzen or Michigan Spray against the allegations brought against them by Leestma in the Kent County Circuit Court.

WHEREFORE, the Plaintiff, State Farm Fire and Casualty Company, respectfully requests that this Honorable Court enter an Order that:

a.      declares the rights and other relations of the parties to this action;

b.      declares that, under Michigan Spray Foam, LLC's Commercial Liability Umbrella policy, State Farm is not obligated to defend or indemnify Will Matzen or Michigan Spray Foam, LLC, in the underlying lawsuit, case number 21-03175-CBB, because any bodily injuries and/or property damages sustained by Leestma are expressly excluded by the subject policy's expected and/or intended acts exclusion;

c.      permits a trial by jury of any fact issues in this case;

d.      awards State Farm any other relief this Court deems appropriate.

## COUNT III
## STATE FARM DOES NOT HAVE A DUTY TO DEFEND OR INDEMNIFY MATZEN OR MICHIGAN SPRAY UNDER THE SUBJECT UMBRELLA POLICY BECAUSE THERE IS NO COVERAGE FOR DAMAGE TO MICHIGAN SPRAY'S PRODUCT OR MICHIGAN SPRAY'S WORK

43.     State Farm incorporates herein by reference hereto each of its allegations contained in Paragraphs 1 through 42 of this Complaint for a Declaratory Judgment, the same as if the allegations were fully set forth herein.

44.     The subject policy further excludes, and provides that the insurance does not apply to:

13.     Damage to Property

11

"Property damage" to:

* * *

e.      That particular part of real property on which you or any contractor or subcontractor working directly or indirectly on your behalf is performing operations, if the "property damage" arises out of those operations;

f.      That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it;

* * *

14.     Damage to Your Product.

"Property damage" to "your product" arising out of it or any part of it.

15.     Damage to Your Work

"Property damage" to "your work" arising out of it or any part of it and included in the "products completed operations hazard." (Policy, **Exhibit "A"**).

45.     Leetsma alleges that it entered into a contract with Michigan Spray, whereby Michigan Spray would provide new roofs and insulation on five buildings, and that Michigan Spray breached the contract by failing to provide the new roofing and insulation on all five commercial buildings as agreed, as it did not apply the proper amount of foam insulation on the roofs, and failed to mechanically fasten the rubber underlayer of the roof on four of the buildings.

46.     Leestma has alleged that its claimed damages arose from Matzen and Michigan Spray's faulty work on the roofs.

47.     Leestma claims that as a result of Michigan Spray and Matzen's improper work, all of the roofs need to be replaced.

12

48.     The subject Umbrella policy expressly excludes coverage for property damage to the particular part of the buildings that Michigan Spray was performing its operations, along with excluding damage to Michigan Spray's product or work.

49.     There is no coverage under the subject policy for Leetsma's claimed damages.

50.     There is no requirement under the subject Umbrella policy that State Farm defend and/or indemnify Matzen or Michigan Spray against the allegations brought against them by Leestma in the Kent County Circuit Court.

WHEREFORE, the Plaintiff, State Farm Fire and Casualty Company, respectfully requests that this Honorable Court enter an Order that:

a.     declares the rights and other relations of the parties to this action;

b.     declares that, under Michigan Spray Foam, LLC's Commercial Liability Umbrella policy, State Farm is not obligated to defend or indemnify Will Matzen or Michigan Spray Foam, LLC, in the underlying lawsuit, case number 21-03175-CBB, because there is no coverage for property damage to the particular part of the buildings that Michigan Spray was performing its operations, and any damage to Michigan Spray Foam, LLC's, work or product;

c.     permits a trial by jury of any fact issues in this case;

d.     awards State Farm any other relief this Court deems appropriate.

## COUNT IV
## STATE FARM DOES NOT HAVE A DUTY TO DEFEND OR INDEMNIFY MATZEN OR MICHIGAN SPRAY UNDER THE SUBJECT UMBRELLA POLICY BECAUSE THERE IS NO COVERAGE FOR ANY DAMAGE LEETSMA SUSTAINED TO IMPAIRED PROPERTY

51.     State Farm incorporates herein by reference hereto each of its allegations contained in Paragraphs 1 through 50 of this Complaint for a Declaratory Judgment, the same as if the

13

allegations were fully set forth herein.

52.     The subject policy further excludes, and provides that the insurance does not apply

to:

> 16.     Damage To Impaired Property Or Property Not
> Physically Injured.
>
> "Property damage" to "impaired property" or property
> that has not been physically injured, arising out of:
>
> a.     A detect, deficiency, inadequacy or
> dangerous condition in "your product"
> or "your work"; or
>
> b.     A delay or failure by you or anyone acting on
> your behalf to perform a contract or agreement
> in accordance with its terms.
>
> This exclusion does not apply to the loss of use of other property
> arising out of sudden and accidental physical injury to "your product"
> or "your work" after it has been put to its intended use. (Policy,
> **Exhibit "A"**).

53.     To the extent that Leetsma is claiming damages to property that was incorporated into

Michigan's Spray's product, and which can be restored by fixing the roof(s), those damages would

be excluded under the subject policy's Damage to Impaired Property exclusion.

54.     There is no requirement under the subject Umbrella policy that State Farm defend

and/or indemnify Matzen or Michigan Spray against the allegations brought against them by Leestma

in the Kent County Circuit Court.

WHEREFORE, the Plaintiff, State Farm Fire and Casualty Company, respectfully requests

that this Honorable Court enter an Order that:

> a.     declares the rights and other relations of the parties to this
> action;

14

      b.      declares that, under Michigan Spray Foam, LLC's Commercial Liability Umbrella policy, State Farm is not obligated to defend or indemnify Will Matzen or Michigan Spray Foam, LLC, in the underlying lawsuit, case number 21-03175-CBB, because there is no coverage for damage to impaired property;

      c.      permits a trial by jury of any fact issues in this case;

      d.      awards State Farm any other relief this Court deems appropriate.

## <u>COUNT V</u>
## <u>ONE OCCURRENCE</u>

55.    State Farm incorporates herein by reference hereto, each of its allegations contained in Paragraphs 1 through 54 of this Complaint for Declaratory Judgment, the same as if the allegations were fully set forth herein.

56.    Leetsma alleges that as a result of Matzen and Michigan Spray's actions, it suffered damages to multiple roofs.

57.    State Farm has, and continues to submit that Leetsma's claimed injuries and damages are not covered under the subject Umbrella policy.

58.    State Farm alternatively pleads that if Leetsma's claimed injuries are covered under the policy, Matzen and Michigan Spray's actions and/or inaction be found to be one occurrence under the policy, as the subject Umbrella policy's definition of occurrence includes the continuous or repeated exposure to the same general harmful conditions. (Policy, **Exhibit "A"**).

WHEREFORE, Plaintiff, State Farm Fire and Casualty Company, respectfully requests this Honorable Court enter an Order that:

      a.      declares the rights and other relations of the parties to this action; and

     b.      declares that Leetsma's claims, if covered, are considered one occurrence under the subject Umbrella policy; and

     c.      awards State Farm any other relief this Court deems appropriate.

## COUNT VI
## OTHER INSURANCE

59.     State Farm incorporates herein by reference hereto, each of its allegations contained in Paragraphs 1 through 58 of this Complaint for Declaratory Judgment, the same as if the allegations were fully set forth herein.

60.     The subject Umbrella policy provides:

LIABILITY CONDITIONS

\* \* \*

6.     Other Insurance

     a.      This insurance is excess over, and will not contribute with any of the other insurance, whether primary, excess, contingent or on any other basis. This condition will not apply to insurance specifically written as excess over this policy.

            When this insurance  is excess over other insurance, we will have no duty to defend the insured against any "suit' if any other insurer has a duty to defend the insured against that "suit". If no other insurer defends, we will undertake to do so, but we will be entitled to the insured's rights against all those other insurers.

     b.      When this insurance is excess over  other insurance, we will pay only our share of the "ultimate net loss" that exceeds the sum of:

            (1)     The total amount that all such

16

other insurance would pay for
the loss in the absence of this
insurance; and

(2)    The total of all deductible
and self-insured amounts
under all that other insurance.

61.    In the event it is determined that Leetsma is entitled to recover for its injuries under the subject Umbrella policy, State Farm's liability for those injuries/damages, if any, would either be excess over any other insurance that provided coverage for the damages, or State Farm's liability, if any, would be the pro rata amount of any other applicable insurance, including, but not limited to, the business insurance obtained by Michigan Spray.

WHEREFORE, the Plaintiff, State Farm Fire and Casualty Company, respectfully requests this Honorable Court enter an Order that:

a.    declares the rights and other relations of the parties to this action; and

b.    declares that, under Michigan Spray's Umbrella policy, State Farm's liability, if any, is excess over all other available insurance for Leetsma's claimed injuries, or that its liability is limited to its pro rata portion of those damages/injuries based on the total amount of insurance which covers their claimed injuries or damages; and

c.    awards State Farm any other relief this Court deems appropriate.

## COUNT VII
## NO DUTY TO INDEMNIFY SO NO DUTY TO DEFEND

62.    State Farm incorporates herein by reference hereto each of its allegations contained in Paragraphs 1 through 61 of this Complaint for Declaratory Judgment, the same as if the allegations were fully set forth herein.

17

63.     Because there is no possible factual or legal basis upon which State Farm could be obligated under the subject Umbrella policy to indemnify Matzen or Michigan Spray for the injuries and damages allegedly sustained by Leestma, State Farm does not have a duty to defend Matzen or Michigan Spray against the allegations in the lawsuit filed against them by Leestma in the Kent County Circuit Court.

WHEREFORE, Plaintiff, State Farm Fire and Casualty Company, respectfully requests this Honorable Court enter an Order that:

a.      declares the rights and other relations of the parties to this action;

b.      declares that, under the subject Commercial Liability Umbrella policy, State Farm is not obligated to defend or indemnify Will Matzen or Michigan Spray Foam, LLC, against the allegations in the lawsuit filed against them by Leestma Management, LLC, in the Kent County Circuit Court;

c.      permits a trial by jury of any fact issues in this case; and

d.      awards State Farm any other relief this Court deems appropriate.

Respectfully submitted,

**PATRICK, JOHNSON & MOTT, P.C.**

s/ *Cary R. Berlin*
Attorneys for Plaintiff
70 Macomb Place, Suite 224
Mt. Clemens, Michigan 48043
(248) 356-8590
cberlin@pjmpc.com
Date: July 31, 2023                                          P64122

18

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STATE FARM FIRE AND
CASUALTY COMPANY,

               Plaintiff,

v.

MICHIGAN SPRAY FOAM, LLC; WILL MATZEN and
LEESTMA MANAGEMENT, LLC,

               Defendants.

Case No. 1:23-cv-00808
Hon.

---

**CARY R. BERLIN (P64122)**
**NATHAN M. WHITFORD (P84333)**
**PATRICK, JOHNSON & MOTT, P.C.**
Attorneys for Plaintiff
70 Macomb Place, Suite 224
Mt. Clemens, Michigan 48043
(248) 356-8590
cberlin@pjmpc.com

---

## DEMAND FOR JURY TRIAL

Plaintiff, State Farm Fire and Casualty Company, through its attorneys, Patrick, Johnson & Mott, P.C., hereby demands a trial by jury in the above-captioned case.

Respectfully submitted,

**PATRICK, JOHNSON & MOTT, P.C.**

s/ *Cary R. Berlin*
Attorneys for Plaintiff
70 Macomb Place, Suite 224
Mt. Clemens, Michigan 48043
(248) 356-8590
cberlin@pjmpc.com
P64122

Date: July 31, 2023